IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEATH WHITT, 222052, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-707-WHA-SMD |
| | ) | |
| DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Heath Whitt ("Whitt") –a prison inmate housed at the Houston County Jail ("Jail") in Dothan, Alabama– filed this 42 U.S.C. § 1983 action against Donald Valenza, Spencer Downs, Kelita Moore, and James Brazier ("Defendants") alleging violations of his civil rights arising from his incarceration. Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915A.

**I. STANDARD OF REVIEW**

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint, or any portion thereof, that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or does not state a claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). Under § 1915A(b)(1), the Court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success"– i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll*

*v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327; the claim seeks to enforce a right that clearly does not exist, *id*.; or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Ga. Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Additionally, the court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a

2

successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

Pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

### A. The Grievance Claim

The Houston County Jail has an administrative remedy procedure to address inmate complaints. Whitt asserts that Defendants have failed to follow these mandated procedures. Specifically, Whitt alleges that Defendants have not followed their procedures allowing him to file a grievance concerning his allegations of the excessive force used against him on April 9, 2021. Doc. 1 at pp. 2-4.

An essential element of a §1983 action is that the conduct complained of deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Under the Due Process Clause of the Fourteenth Amendment, no State "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). "While a violation of a state or federally created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993) (citation omitted); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982).

In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley*, 997 F.2d at 495 (internal quotations and citation omitted); *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (affirming trial court's dismissal, under 28 U.S.C. § 1915A, of inmate's challenge to adequacy of prison's grievance procedures finding "a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding "[t]here is no legitimate claim of entitlement to a grievance procedure"); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) (citation and internal quotation marks omitted) (finding "[s]tate-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.").

Here, Whitt's claim that Defendants failed to follow the Jail's mandated grievance procedures does not give rise to a §1983 claim. *See Bingham*, 654 F.3d at 1177–78. And although 42 U.S.C. §1997e(a) requires that an inmate exhaust his available administrative remedies prior to

4

filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b). *See Lamb v. Gunderson*, 2008 WL 4724818, at *1 (S.D. Ga. Oct. 24, 2008) (finding "[t]he only upshot of any failure to respond to [the inmate-plaintiff's] grievances is that such a failure could bar Defendants from relying on 42 U.S.C. § 1997e(a), which mandates that a prisoner must exhaust any available administrative remedies before filing a § 1983 claim with respect to his conditions of confinement.").

As such, Whitt cannot state a claim against Defendants for their alleged failure to follow the jail's grievance procedure. *Neitzke*, 490 U.S. at 327. Therefore, the claim should be dismissed under 28 U.S.C § 1915A(b)(1).

**B.     Harassment**

Whitt alleges Defendants subjected him to verbal harassment and abuse by failing to assign him to a "handicap[1] dorm weekend dorm." Doc. 1 at p. 3. Whitt's allegations regarding verbal harassment from Defendants because he is handicapped do not support his claims.

To state a viable claim for relief under 42 U.S.C. § 1983, the conduct complained of must have deprived Whitt of rights, privileges, or immunities secured by the Constitution. *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999); *Parratt*, 451 U.S. 527; *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). However, derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not, without more, rise to the level of a constitutional violation. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding that inmate's claim of

---

[1] To the extent Whitt attempts to allege a claim for violation of the Americans with Disabilities Act, 42 U.S.C.§13121, *et seq.*, any such claim is also due to be dismissed because he fails to allege Defendants discriminated against him. *Redding v. Georgia*, 557 F. App'x 840, 845-46 (11th Cir. 2014).

5

"verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that mere verbal taunts directed at an inmate by jailers, despite their distressing nature, do not violate an inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x. 87, 92 (3d Cir. 2006) (holding that "allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (noting that "acts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (holding that verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (holding that "alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (observing the Eighth Amendment is trivialized by assertion that mere threat constitutes a constitutional wrong);

Furthermore, to the extent Whitt claims that Defendants harassed him by not placing him in a "handicap dorm weekend dorm", Doc. 1 at p. 3, that claim likewise fails. Indeed, the Supreme Court has made clear that the Due Process clause does not protect inmates from changes to their conditions of confinement, *Meachum v. Fano,* 427 U.S. 215, 224 (1976), so long as the conditions imposed on them do not otherwise violate the Constitution or are not outside the sentence imposed. *Montayne v. Haymes,* 427 U.S. 236, 242 (1976). *See Chandler v. Baird*, 926 F. 2d 1057, 1060 (11th Cir. 1991). Thus, because Whitt has no constitutional right to specific housing, and because he has not alleged that his current conditions of confinement violate the Constitution or are outside the sentence imposed, his claim is due to be dismissed under 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

Further, it is

ORDERED that **on or before February 2, 2022**, the parties may file an objection to the Recommendation. The parties are advised they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 18th day of January, 2022.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE